UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAYARA PEERZAY,<br><br>  Plaintiff,<br><br>  v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>  Defendant. | No.  2:23-cv-00728-SCR<br><br><br>MEMORANDUM OPINION AND ORDER |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner"), denying her application for disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. § 401-34.  For the reasons that follow, Plaintiff's motion for summary judgment will be granted and the Commissioner's cross-motion for summary judgment will be denied.

**I.  BACKGROUND**

Plaintiff applied for DIB on January 13, 2021, though the application was not completed until January 22, 2021.  Administrative Record ("AR") 197-98.[1]  Plaintiff alleged the disability onset date was October 1, 2019, at which point she was 49 years old.  AR 13, 32.  The applications were disapproved initially (AR 78), and on reconsideration (AR 102).

///

---

[1] The AR is electronically filed at ECF No. 7.

1

On February 4, 2022, administrative law judge ("ALJ") Vincent A. Misenti presided over a telephonic hearing on Plaintiff's challenge to the disapprovals. AR 28-56 (transcript). Plaintiff testified at the hearing about her seizure history. She testified that her seizures caused her headaches and confusion and caused her to "get foggy." She also testified that she has difficulty concentrating, remembering things, and learning new things. She testified that she is better on certain days than others. AR 35. Plaintiff further testified that she has two to three daytime seizures per month and three to four nighttime seizures per month. AR 36.

Plaintiff testified that her seizures have decreased with the administration of the drug Keppra but that she still gets seizures. AR 39. She further testified that Keppra makes her drowsy and that she naps 3 to 4 times per day. AR 50-51.

The ALJ noted that plaintiff's testimony about the frequency of her seizures was inconsistent with the medical record evidence. In particular, a treating physician noted that in Plaintiff's December 2020 medical record, her last seizure had been two to three years earlier, and Kaiser records from July 2021 showed her last seizure had been in 2009. AR 36. Plaintiff sought to clarify that those references were to "grand mal" seizures, as opposed to the more frequent "petit mal" seizures she claimed to suffer from regularly. AR 36. The ALJ nonetheless noted that the Kaiser records reported the last "small" seizure had been in 2015. AR-40.

Plaintiff testified that she gets migraine headaches three to four days a week. AR 41. Plaintiff rated her pain from migraines as an eight without pain medication but as a four or five when the pain medication "works." AR 42.

Plaintiff also described her anxiety-related mental health symptoms. She stated her symptoms included shaking, blacking out, getting dry mouth, and not being able to concentrate. AR 43. She noted that the only way she has been able to deal with her anxiety is by isolating herself from other people. AR 43.

Vocational Expert ("VE") Cathleen Spencer also testified. The VE described Plaintiff's past work as assistant branch manager of a financial institution. In response to a hypothetical question by the ALJ, the VE testified that the hypothetical individual could work as an automobile detailer, industrial cleaner, or a hand packager. AR 54-55. The vocational expert

1  further testified that if such hypothetical individual would miss two days of work a month, they
2  would not be able to work in a full-time competitive setting. AR55. The VE also testified that if
3  such an individual would be off-task 20 percent of the time they could not serve in full-time,
4  competitive work. AR 55.

5  On March 2, 2022, the ALJ issued a decision finding plaintiff "not disabled" under
6  Sections 216(i) and 223(d) of the Act. AR 10-27 (decision). The Appeals Council denied
7  plaintiff's request for review, leaving the ALJ's decision as the final decision of the
8  Commissioner of Social Security. AR 1-3 (decision).

9  Plaintiff filed this action on April 18, 2023. ECF No. 1. The parties' cross-motions for
10 summary judgment, based upon the Administrative Record filed by the Commissioner, have been
11 fully briefed. ECF Nos. 12 (Plaintiff's summary judgment motion), 15 (Commissioner's
12 summary judgment motion), 18 (Plaintiff's reply).

### III. STANDARDS OF REVIEW

The Commissioner's decision that a claimant is not disabled will be upheld "if it is supported by substantial evidence and if the Commissioner applied the correct legal standards." *Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1011 (9th Cir. 2003). "'The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . ..'" *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995) (quoting 42 U.S.C. § 405(g)).

Substantial evidence is "more than a mere scintilla," but "may be less than a preponderance." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks omitted). "While inferences from the record can constitute substantial evidence, only those 'reasonably drawn from the record' will suffice." *Widmark v. Barnhart*, 454 F.3d 1063, 1066 (9th Cir. 2006) (citation omitted).

Although this court cannot substitute its discretion for that of the Commissioner, the court nonetheless must review the record as a whole, "weighing both the evidence that supports and the evidence that detracts from the [Commissioner's] conclusion." *Desrosiers v. Secretary of HHS*, 846 F.2d 573, 576 (9th Cir. 1988); *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985) ("The

court must consider both evidence that supports and evidence that detracts from the ALJ's conclusion; it may not affirm simply by isolating a specific quantum of supporting evidence.").

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). However, the court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." *Orn v. Astrue,* 495 F.3d 625, 630 (9th Cir. 2007); *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003) ("It was error for the district court to affirm the ALJ's credibility decision based on evidence that the ALJ did not discuss.").

The court will not reverse an erroneous decision if the error was harmless. In this context, an error is harmless only when it is "clear from the record that an ALJ's error was 'inconsequential to the ultimate nondisability determination.'" *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 885 (9th Cir. 2006) (quoting *Stout v. Commissioner*, 454 F.3d 1050, 1055 (9th Cir. 2006)); *see also Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

## IV.  RELEVANT LAW

A claimant is "disabled" if she is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A); *see also Bowen v. Yuckert*, 482 U.S. 137, 140 (1987).

The Commissioner uses a five-step sequential evaluation process to determine whether an applicant is disabled and entitled to benefits. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); *Barnhart v. Thomas*, 540 U.S. 20, 24-25 (2003) (setting forth the "five-step sequential evaluation process to determine disability" under Title II and Title XVI). The following summarizes the sequential evaluation:

///

>Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is not disabled. If not, proceed to step two.

20 C.F.R. §§ 404.1520(a)(4)(i), (b); 416.920(a)(4)(i), (b).

>Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, the claimant is not disabled.

*Id.*, §§ 404.1520(a)(4)(ii), (c); 416.920(a)(4)(ii), (c).

>Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is disabled. If not, proceed to step four.

*Id.,* §§ 404.1520(a)(4)(iii), (d); 416.920(a)(4)(iii), (d).

>Step four: Does the claimant's residual functional capacity make him capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.

*Id.*, §§ 404.1520(a)(4)(iv), (e), (f); 416.920(a)(4)(iv), (e), (f).

>Step five: Does the claimant have the residual functional capacity perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

*Id.*, §§ 404.1520(a)(4)(v), (g); 416.920(a)(4)(v), (g).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. 20 C.F.R. §§ 404.1512(a), 416.912(a) ("In general, you have to prove to us that you are blind or disabled"); *Bowen*, 482 U.S. at 146 n. 5. However, "[a]t the fifth step of the sequential analysis, the burden shifts to the Commissioner to demonstrate that the claimant is not disabled and can engage in work that exists in significant numbers in the national economy." *Hill v. Astrue*, 698 F.3d 1153, 1161 (9th Cir. 2012); *Bowen*, 482 U.S. at 146 n.5.

## V. THE ALJ's DECISION

The ALJ made the following findings:

>1. [Step 1] The claimant has not engaged in substantial gainful activity since October 1, 2019, the alleged onset date (AR 15).
>
>2. [Step 2] The claimant has the following severe impairments: seizure disorder, anxiety disorder, and depressive disorder (AR 15).
>
>3. [Step 3] The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1

5

(AR 16).

4. [Preparation for Step 4] That the claimant has the residual functional capacity to perform medium work as defined in 20 CFR 404.1567(c) with exceptions for certain physical and cognitive limitations. (AR 17).

5. [Step 4] The claimant is unable to perform any past relevant work. (AR 21).

6. [Step 5] The claimant was born in 1970 and was 49 years old, which is defined as a "younger individual" on the alleged onset date. (20 CFR §§ 404.1563 and 416.963) (AR 21).

7. [Step 5, continued] The claimant has at least a high school education (AR 21).

8. [Step 5, continued] Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (*See* SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2) (AR 21).

9. [Step 5, continued] Considering the claimant's age, education, work experience, and residual functional capacity, jobs exist in significant numbers in the national economy that the claimant can perform (AR 21). Specifically, claimant can work as an automobile detailer, industrial cleaner, and a hand packager (AR 22).

10. The claimant has not been under a disability, as defined in the Social Security Act, from October 1, 2019 through the date of the ALJ's decision. (AR 22).

## VI. ANALYSIS

Plaintiff alleges that the ALJ erred by (1) failing to support the finding of residual functional capacity ("RFC") as to Plaintiff's attendance limitations; (2) rejecting Plaintiff's subjective reports on the severity of her symptoms without clear and convincing evidence. As explained below, the ALJ erred in failing to account for record information concerning Plaintiff's workday/workweek completion limitations in determining her RFC, but not in discounting Plaintiff's subjective complaints.

A. <u>Mental RFC</u>

Plaintiff argues that the ALJ improperly discounted the opinions of the state agency consultants and the psychological consultive examiner ("CE"), Dr. Casey Brodhead, regarding

Plaintiff's ability to complete workdays or workweeks without interruptions.[2]  The CE found Ms. Peerzay suffered from "moderate" limitations in her ability "to adapt to the usual stresses common to a competitive work environment including completing a normal workday or workweek and responding appropriately to changes in a work setting" due to her noted "[i]nability to deal with change;" and "to complete a normal workday or workweek without interruptions resulting from a psychiatric condition" because a "[s]ymptom range of depression and anxiety would affect workplace functioning."[3]  (AR 393.)  The CE determined that Plaintiff has only a "mild" limitation in her ability "to perform activities within a schedule and maintain regular attendance."[4]  (*Id.*)

In evaluating the CE's opinion as a whole, the ALJ found it "partially persuasive," agreed with the limitation on "simple and unskilled tasks" given the CE's findings of "impaired attention, calculation and memory recall (Ex. 2F/5)," and added a limitation on "interaction with coworkers, supervisors and the public in light of the claimant's complaints of depressed mood." (AR 20).  However, the ALJ did not acknowledge or otherwise address the CE's determination that Plaintiff suffers from moderate impairments in completing a workday or a workweek.  (AR 20.)

Plaintiff argues the ALJ erred by failing to explain or address the exclusion of the CE's additional "moderate limitations" on adapting "to the usual stresses common to a competitive work environment including completing a normal workday or workweek and responding

---

[2] In reality, Dr. Brodhead supervised a consultative examination primarily conducted by James Robles, M.A.  (AR 387-394.)  But because the ALJ and Plaintiff both refer to Dr. Brodhead as the CE, the Court does so as well.

[3] Under the scale the CE utilized, a "moderate" limitation indicates "more than a slight limitation in this area, *but the individual is still able to function satisfactorily*."  (AR 392 (emphasis added).)  This tracks the definition of "moderate" in a now-obsolete version of SSA Form HA-1152-U3. *See Wascovich v. Saul*, 2019 WL 4572084, at *4 (E.D. Cal. Sept. 20, 2019) (citing versions from 2006 and 2009 of that form).  A more recent version of that form defines "moderate" as, "Functioning in this area independently, appropriately, effectively, and on a sustained basis is fair."  *Available at* https://soarworks.samhsa.gov/sites/default/files/article/upload-files/2022-06/HA-1152%201_2017.pdf.

[4] For the CE, a "mild" limitation indicates "[t]here is slight limited [sic] in this area, but the individual can generally function well."  (AR 392 (emphasis added).)

7

appropriately to changes in a work setting." ECF No. 12 at 10 (quoting AR 393). Plaintiff points to a line of district court cases finding that a limitation to simple or routine tasks does not account for that claimant's attendance limitations. *Id*. at 12 n.4. Defendant responds that "[a]lthough the ALJ did not include Dr. Brodhead's moderate limitations in the RFC verbatim, he provided an RFC that was consistent with and accounted for the limitations contained in Dr. Brodhead's opinion, including moderate limitations in adapting to stress and completing a normal workday/workweek." ECF No. 15 at 5. Specifically, Defendant relies on *Stubbs-Danielson v. Astrue*, 539 F.3d 1169 (9th Cir. 2008) and numerous derivative cases to argue that the ALJ's limitation of Plaintiff to simple work adequately accounted for her abilities. ECF No. 15 at 5-6.

In *Stubbs-Danielson*, the plaintiff argued that the ALJ improperly failed "to account for a number of significant functional limitations assessed by the doctors of record, including difficulties in maintaining pace, and failed to provide reasons for rejecting those doctors' opinions." 539 F.3d at 1173. The Ninth Circuit rejected that argument, finding that the ALJ's translation of the plaintiff's condition into a restriction to "simple tasks" was permissible on the applicable medical record. *Id*. at 1173-74. "[A]n ALJ's assessment of a claimant adequately captures restrictions related to concentration, persistence, or pace where the assessment is consistent with restrictions identified in the medical testimony." *Id*. at 1174.

However, *Stubbs-Danielson* did not address a situation where—as here—an ALJ fails to address at all specific record findings that a claimant has moderate limitations in completing a workday and workweek. *See, e.g., Warren v. Saul*, 2021 WL 259435, at *5 (C.D. Cal. Jan. 26, 2021) (finding case factually distinguishable from *Stubbs-Danielson* where assessment that Plaintiff could perform work involving simple, repetitive tasks requiring only simple work-related decisions and involving only occasional changes in a routine work setting, with unlimited contact and interaction with supervisors but otherwise only occasional interaction with coworkers, failed to address the moderate limitations found by physician in plaintiff's ability to maintain regular attendance, interact with a supervisor, or complete an eight-hour workday). Nor does there appear to be binding Ninth Circuit authority on this point. Instead, the weight of lower court

8

authority, including among judges of this Court, is that an ALJ errs by failing to address or adequately explain moderate limitations on attendance or competition of a workday/workweek.

Another judge of this Court recently surveyed the law in this area and, on similar facts as those in the instant case, ordered remand to the Commissioner:

> "[T]he Ninth Circuit and district courts in the Ninth Circuit have held that *Stubbs-Danielson* does not control in cases where the limitations relate to functional areas other than concentration, persistence, and pace, such as social functioning and attendance." *Panziera v. Berryhill*, 2018 WL 278623, at *20 (N.D. Cal. Jan. 3, 2018). After review of the most recent case law, the Court agrees.
>
>> [U]npublished district course case law (which is not controlling, but is more factually on point) is split but tends to favor the view that a restriction to simple/routine tasks with limited public contact does not account for the moderate limitations [the doctor] identified in interacting with supervisors and peers, handling work related stressors, maintaining regular attendance, and completing a normal workweek without interruption. The district court case law in support of Defendant's position is sparser and more outdated. The weight of the more recent case law tends to refute the notion that a limitation to simple/routine tasks with limited public contact adequately accounts for other limitations in social interaction, maintaining attendance, completing a normal workday without interruptions from a psychiatric condition, and handling work related stressors.
>
> *Harrell* [*v. Kijakazi*], 2021 WL 4429416 at *6 [(E.D. Cal. Sept. 27, 2021) (internal citations omitted); *see also Macias v. Saul*, 2021 WL 856423, at *6 (E.D. Cal. Mar. 8, 2021) (collecting cases and holding that a limitation to simple one- or two- step tasks does not account for attendance limitations); *Gowan v. Comm'r of Soc. Sec.*, 2024 WL 3372470, at *3 (E.D. Cal. July 11, 2024) (citing *de los Santos v. Kijakazi*, 2022 WL 1541464, at *6 (E.D. Cal. May 16, 2022) ("The case law in this circuit is split but tends to favor the view that a restriction to simple/routine tasks is not a catchall and does not account for limitations such as maintaining attendance"); *Berenisia Madrigal v. Saul*, 2020 WL 58289, at *5-6 (E.D. Cal. Jan. 6, 2020) (restriction to simple, routine tasks do[e]s not account for assessed limitations in ability to complete a normal workday or workweek without interruptions from psychiatric condition and the ability to deal with stress or changes encountered in the workplace); *Millsap v. Kijakazi*, 2023 WL 4534341, at *5-6 (E.D. Cal. July 13, 2023) (rejecting argument that limitation to simple, routine tasks in the RFC accounted for moderate mental limitations in opinion the ALJ found persuasive, including ability to complete a normal workday or workweek); *Sahyoun v. Saul*, 2020 WL 1492661, at *4 (E.D. Cal. Mar. 27, 2020) (rejecting argument that limitation to work involving simple and repetitive tasks adequately captured moderate limitations in maintaining regular attendance, completing a normal workday or work week without interruption from psychiatric condition, and handling work-related stress); *but see Messerli v. Berryhill*, 2017 WL 3782986, at *11 (E.D. Cal. Aug. 31, 2017) (finding limitation to simple routine tasks adequately accounted for moderate limitations in ability to accept instructions, interact with coworkers and the public, maintain attendance, and complete a normal workday/workweek without interruptions); *Schmidt v. Colvin*, 2013 WL 5372845, at *17 (E.D. Cal. Sept. 25, 2013) (finding RFC limitation to simple unskilled work adequately captured opined moderate limitations in completing a normal workday and work week).

> Based on the foregoing, the Court finds the RFC limiting Plaintiff to simple, routine tasks with only occasional public contact, occasional tasks that require teamwork, no quota-driven work, and working "mainly with objects and not people" (AR 7), does not account for Dr. Bonilla's findings of moderate limitations in Plaintiff's ability to complete a normal workday/work week and deal with stress and changes encountered in the workplace. The Appeals Council's failure to provide reasons, supported by substantial evidence, to reject those limitations, particularly as to her ability to complete a workday/work week and deal with stress and changes, or to properly incorporate those limitations into the assessed RFC, constitutes error. *See Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 886 (9th Cir. 2006) ("an ALJ is not free to disregard properly supported limitations") …

*Phounsavath v. Comm'r of Soc. Sec. Admin.*, 2025 WL 719297 at *6-7 (E.D. Cal. Mar. 6, 2025).

While there is other unpublished authority arguably favoring Defendant,[5] much of that authority is materially distinguishable. For example, in *Larkin v. Saul*, the ALJ "explicitly mention[ed]" a physician's "'workweek limitation' statement when evaluating [the claimant's] RFC" yet by implication "did not interpret" that statement "as saying [the claimant's] limitations were severe enough that they would cause her to miss work regularly." 819 F. App'x 535, 537 (9th Cir. 2020). Here, by contrast, the ALJ did not mention at all the CE's finding of a moderate limitation on Plaintiff's ability to complete a workday/workweek. It is accordingly unclear whether the ALJ even considered this limitation in conjunction with Plaintiff's other identified limitations in determining her RFC. The ALJ was not required "to explicitly transcribe" any particular "limitation in[to] the RFC[,]" but was "required to account for it in his 'translation.'" *Wascovich*, 2019 WL 4572084, at *5 (citing *Rounds v. Comm'r of Soc. Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015) ("[T]he ALJ is responsible for translating and incorporating clinical findings into a succinct RFC.")). The Court will follow the weight of recent cases and find that

///

---

[5] *See, e.g., Yasuda v. Comm'r of Soc. Sec. Admin.*, 473 F. App'x 787, 788 (9th Cir. 2012) (unpublished) (rejecting dissent's argument that limitation to simple work did not account for moderate limitations in attendance and completing a normal work week); *Rhonda E. G. v. Saul*, No. 8:20-CV-01423 KES, 2021 WL 2262552, at *3 (C.D. Cal. June 3, 2021) (limitation to simple tasks accommodated moderate limitations in attendance); *Messerli v. Berryhill*, 2017 WL 3782986, at *11 (E.D. Cal. Aug. 31, 2017) (finding limitation to "simple repetitive tasks" accounted for moderate limitations in claimant's ability accept instructions from supervisors and interact appropriately with coworkers and the public, moderate limitations in claimant's ability to maintain work attendance and to complete a normal workday and workweek without interruptions from psychological problems, mild to moderate limitations in the claimant's ability to perform work activities on a consistent basis without special or additional instruction, and moderate to serious limitations).

the ALJ erred in failing to account for the CE's limitations concerning Plaintiff's ability to complete a workday/workweek.

The Court cannot find the ALJ's error harmless on the present record. *See Stout v. Comm'r of Soc. Sec. Admin.*, 454 F.3d 1050, 1056 (9th Cir. 2006) (the reviewing court cannot consider an error harmless unless it "can confidently conclude that no reasonable ALJ, when fully crediting the [evidence], could have reached a different disability determination"). In Plaintiff's case, the VE testified that if a hypothetical individual with Plaintiff's other limitations were to miss two days of work a month or be off-task 20 percent of the time, they could not serve in full-time, competitive work. (AR 55.) While the CE found that Plaintiff had only "mild" attendance limitations, it is conceivable that Plaintiff's "moderate" limitations on completing a workday/workweek could result in Plaintiff missing two days of work a month or being off-task at least 20 percent of the time. *See Phounsavath*, 2025 WL 719297 at *7 (court could not "conclude that the error was harmless, as the VE testified that missing more than two days of work per month or being productive only four to six hours a day would not be allowed in competitive employment"); *Berensia Madrigal*, 2020 WL 58289, at *6 (court could not conclude that error was harmless where examiner "stated that Plaintiff would have moderate limitations completing a normal workday or workweek due to her mental condition, moderate difficulties dealing with stress and changes encountered in the workplace, and an up to moderate likelihood that Plaintiff would emotionally deteriorate in a work environment" and the VE testified "that if a person with the limitations the ALJ found to exist were off task 20 percent of the day or would miss more than two days of work on a consistent basis, the person would not be able to do any jobs in the labor market"). While the ALJ had reason to discount the severity of Plaintiff's mental health symptoms that underlie the CE's findings (AR 19-20), in light of the VE's testimony, it was not clearly harmless for the ALJ to neglect the opinion that Plaintiff has a moderate limitation on her ability to complete a workday/workweek.

B. Subjective Symptoms

The ALJ did not err in discounting the severity of Plaintiff's subjective complaints.

Evaluating the credibility of a plaintiff's subjective testimony is a two-step process: First the ALJ must "determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged.... In this analysis, the claimant is not required to show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom." *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014) (internal citations omitted). Objective medical evidence of the asserted pain or fatigue itself is not required. *Id.* (internal citations omitted). Second, if the ALJ does not find evidence of malingering, the ALJ may only reject the claimant's testimony by offering "specific, clear and convincing reasons for doing so." *Id.* (internal citations omitted). While an ALJ's credibility finding must be properly supported and sufficiently specific to ensure a reviewing court the ALJ did not "arbitrarily discredit" a claimant's subjective statements, an ALJ is also not "required to believe every allegation" of disability. *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989). In weighing a claimant's credibility, an ALJ may consider, among other things, inconsistencies either in the claimant's testimony or between her testimony and her conduct, claimant's daily activities, her work record, and testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which claimant complains. *Thomas v. Barnhart*, 278 F.3d 947, 958-59 (9th Cir. 2002). "If the ALJ's credibility finding is supported by substantial evidence in the record, [the court] may not engage in second-guessing." *Id.* at 959.

    The ALJ identified numerous inconsistencies between Plaintiff's subjective testimony and the medical record evidence. In particular, the ALJ noted in detail the inconsistencies with regard to the frequency of Plaintiff's seizures and the extent to which they were controlled with medication. (AR 19-20.) Only to the extent that a claimant's statements about symptoms "can reasonably be accepted as consistent with the objective medical evidence and other evidence" can the ALJ determine that they limit her capacity to work. 20 C.F.R. § 404.1529(c)(4). The ALJ's findings were supported by specific, clear and convincing evidence. *See Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006) ("Impairments that can be controlled

effectively with medication are not disabling for purposes of determining eligibility for SSI benefits"); *Jones v. Comm'r of Soc. Sec. Admin.*, 2023 WL 346824, at *10–11 (E.D. Cal. Jan. 20, 2023) ("the Ninth Circuit has provided that contradiction between the claimant's testimony and the relevant medical evidence is a sufficient basis for an adverse" finding regarding the subjective evidence). The ALJ did not err in discounting Plaintiff's subjective complaints.

### VII.  CONCLUSION

When a court reverses an ALJ's decision for error, the court "ordinarily must remand to the agency for further proceedings." *Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2017); *see also Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) ("the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation"). That is what the Court will do here.

For the reasons set forth above **IT IS HEREBY ORDERED** that Plaintiff's motion for summary judgment (ECF No. 12) is GRANTED, the Commissioner's cross-motion for summary judgment (ECF No. 15) is DENIED, and the case REMANDED to the Commissioner for further proceedings on Plaintiff's disability claims consistent with this order. The Clerk of the Court shall enter judgment in favor of Plaintiff and close the case.

DATED: March 26, 2024

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

13